UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WIMMER,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-311-DRL-MGG

ISHMAEL GIPSON and ROBERTO RUIZ,

    Defendants.

OPINION AND ORDER

James Wimmer, a prisoner without a lawyer, filed an amended complaint alleging prison guards used excessive force against him at the Westville Correctional Facility. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Wimmer alleges Sgt. Ruiz twice slammed his face into the wall while he was handcuffed and being held by Sgt. Gipson on March 23, 2023. He alleges Sgt. Gipson then slammed him to the floor before they both slammed him into a property box. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause

harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). These allegations state a claim against both guards.

Mr. Wimmer also sues WCC medical staff. He alleges the guards struck him around 9:38 p.m. Later than night, he was taken to the prison's medical department where he reported having a having a shoulder injury. An unknown nurse said she would tell a doctor to have his shoulder x-rayed the next day. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). This complaint provides no facts indicating that he needed an immediate x-ray, that he suffered any injury because of waiting until the next day, or that any medical staff acted outside the scope of professional judgment, practice, or standards. The WCCC medical staff will be dismissed.

For these reasons, the court:

(1) GRANTS James Wimmer leave to proceed against Sgt. Ishmael Gipson and Sgt. Roberto Ruiz in their individual capacities for compensatory and punitive damages for using excessive force against him at the Westville Correctional Facility on March 23, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES WCC Medical Staff;

USDC IN/ND case 3:23-cv-00311-DRL-SJF    document 22    filed 08/15/24    page 3 of 3

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Ishmael Gipson and Sgt. Roberto Ruiz at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 10);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Ishmael Gipson and Sgt. Roberto Ruiz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 15, 2024    *s/ Damon R. Leichty*
                   Judge, United States District Court